UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAYH JOHNSON, Jr.,

Plaintiff,

v.

R&L CARRIERS, INC.,

Defendant.

No. 2:26–cv–01891–DJC–CKD (PS)

ORDER

(ECF No. 2)

Plaintiff Jayh Johnson, Jr. proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of his request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). The request will be granted.

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

**ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that he was employed as a dockworker by defendant R&L Carriers, LLC. (ECF No. 1 at ¶ 11.) Plaintiff alleges that on or about October 9, 2023, while operating a forklift, he was struck by another co-worker named Ray who was also operating a forklift. Id. at ¶ 12. Plaintiff alleges he proceeded to report the workplace collision to his supervisor named Andrew. Id. at ¶ 14. Plaintiff alleges Ray, upon hearing of the report proceeded to yell loudly at plaintiff in front of other employees: "[y]'all, this n***a is a rat!" "[l]ook, he snitching!" "[y]ou a rat n***a. You ain't no real n***a. You f***ing rat." Id. at ¶15(a)-(c). Plaintiff alleges he turned to Andrew and asked "[a]re you going to let him talk to me like that?" Id. at ¶ 16. Plaintiff alleges that Ray was escorted off the dock by Andrew. Id.

Later that day, plaintiff alleges he was informed by Andrew that "management had directed [plaintiff] also be removed from the dock." Id. at ¶ 18. Plaintiff alleges this removal was due to a need by management to conduct an investigation. Id. Plaintiff alleges he was once again accosted by Ray, who had left the office area and proceeded to call plaintiff a "snitch" and racial slurs. Id. at ¶ 19. Plaintiff also alleges he responded by "verbally defending himself," but Ray proceeded to intimidate plaintiff by threatening to run him over with his forklift and accelerate the forklift in plaintiff's direction. Id. at ¶¶ 20-22.

Plaintiff alleges that Ray was later terminated after an internal review. Id. at ¶ 23. However, on October 19, 2023, plaintiff alleges that he was also terminated. Id. at ¶ 24. Plaintiff alleges that he subsequently proceeded to timely file a charge against defendant with the Equal Employment Opportunity Commission ("EEOC"), which alleged racial harassment, retaliation, and wrongful termination. Id. at ¶ 7. Plaintiff alleges that on February 21, 2026, the EEOC issued a notice of right to sue. Id. at ¶ 8. Plaintiff alleges he has filed his complaint within 90-days of receipt of the right to sue notice. Id. at ¶ 9.

**DISCUSSION**

Plaintiff has filed an action against defendant, seeking damages for claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e for racial discrimination, hostile work environment, and retaliation. Plaintiff also brings state tort claims for wrongful termination

in violation of public policy and negligent hiring, supervision, and retention. The court begins its analysis with whether plaintiff has adequately pled exhaustion of his Title VII claims.

1. Exhaustion

Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII plaintiff must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred" if it occurred in a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice and the employee initially filed a grievance with that agency. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). A claim is time-barred if it is not filed within this time limit. Id. Where a claim is based on discrete acts, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened[ ]'" and therefore, a party "must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it." Id. at 110.

"[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." Domino v. California Correctional Health Care Services, 2020 WL 2306900, at *3 (E.D. Cal. May 8, 2020) (citing Sosa v. Hiraoka, 920 F. 3d 1451, 1456 (9th Cir. 1989)). "If plaintiff has filed a charge with the EEOC against [defendant], [he] 'must allege the facts relevant to the charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against.'" Id. (citing Whitsitt v. Hedy Holmes Staffing Servs., 2014 WL 5019667, at *5 (E.D. Cal. Oct. 7, 2014). The court requires both a description of the charge to the EEOC and a copy of the right-to-sue notice to provide the court with jurisdiction to hear plaintiff's Title VII claims. Id. (citing Leong v. Potter, 347 F. 3d 1117, 1122 (9th Cir. 2003)).

Here, the complaint alleges that plaintiff "timely" filed an EEOC charge alleging racial harassment, retaliation, and wrongful termination. (ECF No. 1 at ¶ 7.) First, while plaintiff alleges his filing with the EEOC was timely, he fails to state whether the filing was within 300 days of the alleged date or act. Also, while plaintiff alleges generally that the EEOC charge involved racial harassment, retaliation, and wrongful termination, he fails to attach a copy of the right-to-sue notice for the court to demine it has jurisdiction to hear these claims. Thus, the complaint is dismissed with leave to amend to the extent plaintiff can provide additional factual allegations

regarding the timeliness of filing with the EEOC and the scope of the court's review.

2. Title VII Race Discrimination

The court finds plaintiff fails to allege a Title VII race discrimination claim. To plead a claim for unlawful employment discrimination under Title VII, a plaintiff must show:

> (1) that [he belongs] to a class of persons protected by Title VII; (2) that [the plaintiff was] qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals were treated more favorably, or other circumstances surrounding the adverse employment action giving rise to an inference of discrimination.

U.S. E.E.O.C. v. Global Horizons, Inc., 860 F. Supp. 2d 1172, 1190 (D. Haw. 2012) (citing Hawn v. Executive Jet Management, Inc., 615 F. 3d 1151, 1156 (9th Cir. 2010)). While plaintiff alleges that he was discriminated against based on his race, and was ultimately terminated from his position, he fails to plead whether at the time of the incident he was performing his job satisfactorily. (ECF No. 1 at ¶ 28.) The court also finds plaintiff's allegation that Ray was treated "more favorably in the initial disciplinary response" confusing since he was also terminated due to the same incident. Id. Therefore, the court dismisses plaintiff's Title VII race discrimination claim to the extent he can allege satisfactory job performance and whether Ray was treated more favorably than plaintiff.

3. Title VII Hostile Work Environment

To plead a hostile work environment under Title VII, a plaintiff must allege "(1) [a defendant] subjected [a plaintiff] to verbal or physical conduct based on a protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." Andreatta v. Eldorado Resorts Corp., 214 F. Supp. 3d 943, 952 (D. Nev. 2016) (citing Surrell v. Cal. Water Serv. Co., 518 F. 3d 1097, 1108 (9th Cir. 2008)). The complaint alleges plaintiff was subjected to racial slurs in the presence of other employees and management and that plaintiff was "intimidated physically" following his reporting of the incident. (ECF No. 1 at ¶ 31.) The complaint further alleges that defendant knew or should have known of the harassment, plaintiff's

supervisor was a witness to the incident, and that defendant failed to take effective remedial action to protect plaintiff. Id. at ¶ 33. The court finds that while it must dismiss plaintiff's hostile work environment claim for failure to plead exhaustion, plaintiff would have sufficiently pled this claim for screening purposes. See Andreatta, 214 F. Supp. 3d at 953 (denying a motion to dismiss a hostile work environment claim for similar reasons).

4. Title VII Retaliation

To plead a Title VII retaliation claim, a plaintiff must allege "(1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the employment decision." Villiarimo v. Aloha Island Air, Inc., 281 F. 3d 1054, 1064, (9th Cir. 2002). "The causal link can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action." Dawson v. Entek Int'l, 630 F. 3d 928, 936 (9th Cir. 2011). While there is no bright-line rule, courts have found time ranging between 42 days to three months to be sufficient to establish temporal proximity. See Pratt v. Hawai'i, Department of Public Safety, 308 F. Supp. 3d 1131, 1147 (D. Haw. 2018).

Plaintiff alleges that he (1) was engaged in a protected activity under Title VII by reporting his workplace incident, opposing Ray's harassment, and objecting to discriminatory conduct; (2) was retaliated against by being removed from the dock and terminated from his employment; and (3) the causal link was the temporal proximity between plaintiff's report of the incident and his termination. (ECF No. 1 at ¶¶ 36-38.) Under Title VII, "making complaints to an officer of a company about discriminatory practices is a protected activity." E.E.O.C. v. California Psychiatric Transitions, Inc., 644 F. Supp. 2d 1249, 1278 (E.D. Cal. 2009) (citations omitted). Plaintiff's termination is sufficient to state an adverse employment action. See Little v. Windermere Relocation, Inc., 301 F. 3d 958, 970 (9th Cir. 2001). The court also finds that the ten-day gap between the incident, plaintiff's alleged reporting of the incident, and plaintiff's termination is sufficiently small to plead a causal link between the protected activity and the adverse employment decision. See Pratt, 308 F. Supp. 3d, at 1147. Therefore, while the court must dismiss plaintiff's Title VII retaliation claim for failure to plead exhaustion, plaintiff would

have otherwise stated a claim for screening purposes.

**REMAINING STATE CLAIMS**

A federal court may decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995). Because plaintiff has failed to state a federal claim, the court declines to exercise supplemental jurisdiction over plaintiff's wrongful termination in violation of public policy and negligent hiring, supervision, and retention claims, and the claims are dismissed with leave to amend.

**LEAVE TO AMEND**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to state claims under Title VII, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If plaintiff elects to file a first amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. See Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The first amended complaint must not require the Court and the defendants to guess at

what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The first amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The first amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff shall have thirty (30) days from the date of this order to file a first amended complaint. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated: September 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, john.26cv1891